Case 4:11-cv-01695   Document 49   Filed in TXSD on 03/31/17   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
March 31, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GINA C. HANCHETT, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:11-CV-1695 |
| | § | |
| PORT OF HOUSTON AUTHORITY, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER AND OPINION

Pending before the Court are Plaintiff Gina C. Hanchett's ("Hanchett's") Objections to the Magistrate Judge's Order (Document No. 46). The Magistrate Judge's Order (Document No. 45) denied Plaintiff's Motion to Compel Selection of an Arbitrator. (Document No. 40). Defendant International Longshoremen's Association Local No. 28 ("Local 28") filed a Response to Plaintiff's Objections (Document No. 47) and Plaintiff then filed a Reply. (Document No. 48). Upon review of these documents, the facts, and the relevant law, the Court will sustain Plaintiff's Objections and grant Plaintiff's Motion to Compel Selection of an Arbitrator. (Document No. 40).

**Background**

Hanchett initiated this suit in 2011 against her employer, the Port of Houston Authority (POHA), and the union of which she was a member, Local 28, asserting claims of sexual harassment and retaliation under Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. § 2000e et. seq. ("Title VII") (Document No. 1 at ¶¶ 6.1-7.4). Hanchett dismissed the POHA with prejudice (Document No. 22), but continued to pursue her claims against Local 28. Local 28 filed a Motion for Summary Judgment on Plaintiff's claims (Document No. 24), but the Court

determined that Hanchett's claims were subject to the Grievance and Arbitration procedure outlined in Local 28's Collective Bargaining Agreement. (Document No. 39[1]). Therefore the Court stayed the case "pending resolution of Plaintiff's claims pursuant to the mandatory arbitration procedure prescribed by the International Longshoreman Association's ("ILA") collective bargaining agreement." *Id*.

As explained by Judge Stacy, this arbitration procedure "is a three step sequential process, with each step after step one being contingent upon the determination at the prior step." (Document No. 45 at 2). The steps include (1) an initial hearing, (2) an appeal, and then (3) arbitration. Regarding Step 1:

> The Step 1 hearings will be coordinated by the West Gulf Maritime Association….All evidence and testimony the Parties deem relevant is to be presented at the Step 1 hearing. The Step 1 hearing will be heard by at least one employer who is not involved in the dispute. If the dispute affects all employers, the Step 1 hearing will be heard by at least two employers. The West Gulf Maritime Association will prepare a Step 1 report describing the evidence presented and a recommended decision. The parties have 14 days from receipt of the Step 1 report to respond in writing to correct any omissions or mischaracterizations of any evidence given at the Step 1 hearing. The recommended decision is final and binding on the parties if there is no Step 2.

(Grievance and Arbitration Procedure, Document No. 40-1 at 1-2).[2] After the completion of Step 1, the Grievance Committee "determined that the evidence did not establish Ms. Hanchett's claim that she was discriminated or retaliated against in violation of Title VII. Therefore her charge against ILA Local 28 is dismissed." (Document No. 42-2 at 9). Hanchett appealed and proceeded to Step 2:

> The employer may not appeal a Step 1 report recommended decision. The District, on behalf of the ILA local, may appeal a Step 1 report recommended decision by written notice to the West Gulf Maritime Association within 30 days of day the Step 1 report is sent to the union.
> The South Atlantic and Gulf Coast District, International Longshoremen's

---

[1] This Order contains a detailed discussion of Plaintiff's allegations, which the Court will not repeat here.
[2] Document Nos. 40-1 and 42-1 are the same. For ease of reference, the Court will refer to Document No. 40-1 throughout this Order and Opinion.

>Association, and the West Gulf Maritime Association will use two mediators who are acceptable to both Parties. Mediators will serve at the discretion of the Parties throughout the term of the various Agreements between the Parties.
>
>The Step 2 Appeals Committee is composed of one official of the I.L.A. District Office, one official of the West Gulf Maritime Association, and one mediator selected at random by the Parties. The mediator selected shall then schedule a Step 2 meeting as soon as possible, and will chair the Step 2 meeting. The parties to the dispute have a right to be heard at the Step 2 meeting. The meeting is in the nature of an appeal. The Appeals Committee is limited to a review of the evidence submitted at the Step 1 hearing as set forth in the Step 1 report. If there is a claim of new evidence or an incomplete record at the Step 1, the Step 2 Appeals Committee may remand the claim to the Step 1 committee to complete the hearing. *Neither member of this committee may be directly involved in the dispute or have served in Step 1 of the grievance procedure.*
>
>*If the official of the I.L.A. District Office and the official of the West Gulf Maritime Association agree on a decision, the decision will be signed by the ILA District Office and the West Gulf Maritime Association, and will be a final and binding decision.* If the official of the I.L.A. District Office and the official of the West Gulf Maritime Association do not agree on a decision, each will prepare a proposed decision and submit those decisions to the mediator. The mediator must sign one of the decisions submitted. The decision signed by the mediator will be immediately implemented and observed.

(Document No. 40-1 at 2-3) (emphasis added). The Step 2 Appeals Committee for Hanchett's case consisted of Alan Fredrickson (mediator), Nathan Wesely (West Gulf Maritime Association representative), and Mike Dickens (International Longshoremen's Association District representative). (Document No. 42-3 at 1). The Appeals Committee determined that "the Step 1 Committee was correct in its decision to dismiss Hanchett's claims against Local 28." *Id*. at 4. Wesely and Dickens agreed on this decision and signed it, and for this reason the decision was not signed by the mediator.

Hanchett then tried to move to Step 3, arbitration, which is detailed as follows:

>*If the mediator signs a decision, either Party may request that the dispute be arbitrated.* Arbitration must be requested within 30 days after the mediator's decision is distributed. If neither Party requests arbitration within 30 days following the mediator's decision, the decision is final and binding.
>
>Arbitration is requested by seeking an arbitrator from the Federal Mediation and Conciliation Service and giving the opposing party written notice. FMCS will appoint a panel of five arbitrators and will submit the list to each of the Parties. If the Parties are unable to mutually agree on an arbitrator they will alternatively strike one name from the panel of arbitrators (with the Party requesting the arbitration going first) until only one

> name remains on the list and that person will serve as the arbitrator of the grievance. If the Parties do not select an arbitrator within 14 days of receipt of the panel from FMCS because one of the Parties refuses to engage in the selection process in a timely manner that Party shall be considered in default and the grievance will be awarded to the other Party.
>
> The arbitrator will have the authority to rule on the dispute which was made the subject of the Step 1 report and on all issues of arbitrability of the dispute. The arbitrator does not have authority to render a decision which has the effect of modifying the terms of the Agreement negotiated by the Parties. The decision of the arbitrator is final and binding upon all parties. The party requesting arbitration is required to pay the full amount of the arbitrator's fees and expense.

(Document Nos. 40-1 at 3) (emphasis added). Local 28 refused to select an arbitrator, and thus Hanchett filed a Motion to Compel Selection of Arbitrator. (Document No. 40). Local 28 filed a Response (Document No. 42), Hanchett filed a Reply (Document No. 43), and Local 28 filed a Surreply. (Document No. 44). Hanchett's Motion was referred to Magistrate Judge Stacy. (Document No. 41). Judge Stacy found that arbitration was not available to either party, because a prerequisite to arbitration in Step 3 is that the mediator signs the decision. (Document No. 45 at 4). Although Hanchett argued that "it is for the arbitrator to decide as a procedural matter whether arbitration is available at Step 3, and that the Union should be required to participate in the selection of an arbitrator," Judge Stacy explained that:

> Hanchett's argument confounds the concept of "arbitrability," including the scope of arbitration and any procedural issues related thereto, with whether the parties agreed to arbitrate their dispute. The only agreement to be gleaned from the grievance and arbitration procedure is that the parties agreed to arbitration if, and only if, the mediator during the Step 2 Appeals Committee *signed* or *decided* the dispute at Step 2. Because the mediator in this case did not sign, or otherwise decide, the dispute at Step 2, the triggering mechanisms in the parties' collective bargaining agreement for arbitration at Step 3 simply do not exist. Under those circumstance[s], there is no agreement to arbitrate from which the Union could be compelled to participate in the selection of an arbitrator.

*Id*. at 4. Plaintiff timely filed her Objections to this Order (Document No. 46), which the Court will now consider.

**Standard of Review of the Magistrate Judge's Order**

Fed. R. Civ. P. 72 provides for different standards of review of a magistrate judge's order, depending on whether the order is dispositive. For a nondispositive matter, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). However, only factual determinations are subject to the "clearly erroneous" standard; the legal conclusions of the magistrate judge are reviewable *de novo*. *Arters v. Univision Radio Broad. TX, L.P.*, No. CIV.A.3:07CV0957-D, 2009 WL 1313285, at *2 (N.D. Tex. May 12, 2009) (citation omitted). For a dispositive matter, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

Neither party presents arguments on whether the Court's ruling on Plaintiff's Motion to Compel Selection of an Arbitrator (Document No. 40) will be dispositive. Hanchett merely states that, "given that this is purely a question of law, the standard of review is essentially the same regardless of how the motion is characterized." (Document No. 46 at 3-4). The Court agrees; Plaintiff's objections relate to questions of law, not fact, and would be considered *de novo* under either standard.

**Discussion**

Upon conducting a *de novo* review of Judge Stacy's decision, the Court will sustain Hanchett's Objections. Hanchett does not argue that the mediator in fact signed the decision, but instead takes issue with the composition of the appeals panel in Step 2, arguing that an arbitrator must be selected to determine whether the Step 2 procedure was proper. (Document No. 46 at 2). Specifically, Hanchett argues that the district representative should have been disqualified from participation in Step 2, because the union was directly involved in the dispute, and Step 2 provides that "[n]either member of this committee may be directly involved in the dispute or

have served in Step 1 of the grievance procedure." *Id*. (citing Document No. 40-1 at 2). Hanchett states that the resolution of this issue "must be decided in the first instance through the arbitration procedure," arguing that this is a "procedural issue," which, under *John Wiley & Sons, Inc. v. Livingston*, must be decided by the arbitrator, not the Court. *Id*. at 3 (citing 376 U.S. 543, 557-58 (1964)). In response, Local 28 argues that Judge Stacy's decision was correct, and that the Grievance and Arbitration procedure does not allow for arbitration in these circumstances, because the mediator did not sign the decision in Step 2. (Document No. 47 at 2-3).

The Court agrees with Hanchett. As explained by the Fifth Circuit, the *Wiley* case found that determination of whether procedural prerequisites to arbitration have been met is a question for the arbitrator:

> In *Wiley,* the Supreme Court required a successor employer to submit to arbitration pursuant to a prior employer's labor agreement, even though the successor had neither signed or assumed the agreement nor agreed to arbitrate. In addition to denying its obligation to arbitrate at all, Wiley objected to arbitration on the grounds of so-called "procedural arbitrability." The labor agreement provided for arbitration as Step 3 of a three-step procedure. Wiley argued that Step 1 and Step 2 had not been followed, so it had no duty to submit to Step 3 arbitration. The Supreme Court was presented with the question whether procedural conditions to arbitration are to be decided by the courts or by the arbitrator.
> The Court rejected Wiley's argument that courts should decide whether procedural conditions have been met so as to make a dispute arbitrable under the collective bargaining agreement. The Court reasoned that procedural issues are often inseparable from the merits of the underlying grievance. "[P]rocedural disagreements [are to be regarded] not as separate disputes but as aspects of the dispute which called the grievance procedures into play." Once it is decided that a dispute is covered by the arbitration agreement, procedural questions are for the arbitrator.

*Local No. 406, Int'l Union of Operating Engineers, AFL-CIO v. Austin Co.*, 784 F.2d 1262, 1264–65 (5th Cir. 1986) (citing *Wiley*, 376 U.S. at 557-59) ("Doubt whether grievance procedures or some part of them apply to a particular dispute, whether such procedures have been followed or excused, or whether the unexcused failure to follow them avoids the duty to arbitrate cannot ordinarily be answered without consideration of the merits of the dispute which

is presented for arbitration.").[3] Here the Court already found the dispute between the parties is covered by the Grievance and Arbitration procedure in the CBA. (Document No. 39). Whether the district representative was a proper member of the Step 2 panel is a question of whether the proper procedure was followed, and whether the district representative was directly involved in the dispute relates to the merits.[4] Under *Wiley*, an arbitrator, not the Court, must decide these questions. Therefore the Court will grant Hanchett's request to compel selection of an arbitrator.

**Conclusion**

For these reasons, the Court ORDERS that Plaintiff's Objections (Document No. 46) are SUSTAINED. Plaintiff's Motion to Compel Selection of Arbitrator (Document No. 40) is GRANTED.

SIGNED at Houston, Texas, this 31st day of March, 2017.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE

---

[3] This case is strikingly similar to *Wiley*. Both cases involve a three step procedure where the third step, arbitration, only occurs after completion of steps one and two. Wiley's argument that arbitration was not required, because steps one and two were not completed, is rather similar to Local 28's insistence that it is not required to arbitrate because the mediator did not sign the decision in Step 2. As explained above, this decision belongs to the arbitrator, not the Court.

[4] The related question of whether the mediator's failure to sign the decision precludes arbitration is similarly a question of procedure to be determined by the arbitrator. Although Judge Stacy's analysis of the Grievance and Arbitration procedure language appears to be sound, the arbitrator must be the one to interpret the agreement.